# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| ISRAEL BERNAL and MARCIA BERNAL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> CONSUMER PORTFOLIO SERVICES, INC. and STATEWIDE RECOVERY SPECIALISTS, LLC, <br><br> Defendants. | Case No.: 18-cv-891 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), and the Wisconsin Consumer Protection Act, Wis. Stat., Chs. 421-427, (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiffs pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiffs Israel Bernal and Marcia Bernal are a married couple who reside in the Eastern District of Wisconsin (Milwaukee County).

4. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiffs a debt allegedly incurred for personal, family, or household purposes, namely to finance the purchase of an automobile.

5. Each Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that she engaged in a consumer transaction.

6. Defendant Consumer Portfolio Services, Inc. ("CPS") is a foreign corporation with its primary offices located at 3800 Howard Hughes, Suite 1400, Las Vegas, NV 89169.

7. CPS does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as C T Corporation System, 301 South Bedford Street Suite 1, Madison, Wisconsin 53703.

8. CPS provides consumer lending services to individuals. CPS issues, takes assignment of, and services loans to consumers to finance vehicle purchases and other consumer credit transactions.

9. CPS is both a "merchant," as that term is defined in Wis. Stat. § 421.301(25), and a "lender," as defined in Wis. Stat. § 421.301(22), because CPS regularly provides "consumer loans" (Wis. Stat. § 421.301(12)), including automobile loans, to individual customers.

10. CPS routinely conducts debt collection activities, including repossessions of automobiles, against Wisconsin citizens.

11. Wis. Stat. § 427.103(3) defines debt collector as: "any person engaging, directly or indirectly, in debt collection, and includes any person who sells, or offers to sell, forms represented to be a collection system, device or scheme, intended or calculated to be used to collect claims. The term does not include a printing company engaging in the printing and sale of forms." (emphasis added). On its face, Wis. Stat. § 427.103(3) applies to creditors collecting on their own behalf.

12. Wis. Stat § 427.103(2) states: "Debt collection" means any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due a merchant by a customer."

13. The Western District of Wisconsin has noted: "Unlike the FDCPA, the Wisconsin Consumer Act does not provide exceptions to its general definition of a debt collector." Hartman v. Meridian Fin. Servs., 191 F. Supp. 2d 1031, 1048 (W.D. Wis. 2002).

14. The Wisconsin Department of Financial Institutions has likewise designated merchants and creditors as "Debt Collectors" under the WCA:

> Anyone attempting to collect a debt arising from a consumer credit transaction in Wisconsin, whether a merchant doing its own debt collecting or a third-party debt collector, must follow Wisconsin's debt collection law, Ch. 427, Wis. Stats. This is an important point because many merchants collecting debt owed directly to them mistakenly believe that they are exempt from Wisconsin's debt collection law because they are not included within the definition of "debt collector" under the federal Fair Debt Collection Practices Act.

https://www.wdfi.org/wca/business_guidance/creditors/debt_collection/.

15. CPS is a debt collector as that term is defined in Wis. Stat. § 427.103.

16. Defendant Statewide Recovery Specialists, LLC ("SRS") is a domestic limited liability company with its primary offices located at 1810 Cofrin Drive, Green Bay, WI 54302.

17. SRS is engaged in the business of a collection agency, using the instrumentality of interstate commerce for principal purpose of the business, which is the enforcement of security interests.

18. SRS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

19. SRS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103.

3

# FACTS

20. At some point prior to October 13, 2017, Plaintiffs financed the purchase of an automobile with CPS. The automobile was a 2004 Kia Sorento ("Kia Sorento").

21. The note obtained to finance the purchase of the Kia Sorento was secured by the automobile.

22. The loan was obtained for personal, family, or household purposes, namely, to finance Plaintiff's personal vehicle.

23. The loan agreement was a "consumer credit transaction," as that term is defined in the WCA, Wis. Stat. § 421.301(10).

24. At some point prior to October 13, 2017, Plaintiffs defaulted on the loan agreement.

25. On or about October 13, 2017, CPS mailed Plaintiffs a Billing Notice to Plaintiffs. A copy of the Billing Notice is attached to this Complaint as Exhibit A.

26. Exhibit A indicates that the "Principal balance" of the loan is $9,433.50, the "Regularly Monthly Payment" is $293.73, and the "Amount Past Due" is $631.19.

27. On or about November 14, 2017, CPS mailed Plaintiffs another Billing Notice to Plaintiffs. A copy of the Billing Notice is attached to this Complaint as Exhibit B.

28. Exhibit B indicates that the "Principal balance" of the loan is $9,433.50, the "Regularly Monthly Payment" is $293.73, and the "Amount Past Due" is $924.92.

29. After the receipt if Exhibit B, Plaintiffs received no further documents from CPS or any other party regarding the automobile loan at issue in this action.

30. On or about June 7, 2018, CPS contracted with SRS to repossess the Kia Sorento.

31. In the middle of the night between June 6, 2018 and June 7, 2018, SRS repossessed the Kia Sorento from the street near Plaintiffs' residence where it was parked.

32. Upon discovering the Kia Sorento had been repossessed, Plaintiffs called CPS. CPS confirmed that it had repossessed the automobile and is holding the automobile at an unknown location pending resale.

33. The repossession of the Kia Sorento violated the FDCPA as well as the WCA.

34. The FDCPA prohibits: "Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if— (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; […] or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. 1692f(6).

35. At the time CPS and SRS repossessed Plaintiff's Kia Sorento, Wisconsin law expressly prohibited the repossession.

36. Wisconsin law generally prohibits creditors from engaging in self-help repossession without the creditor following a specific, multi-step statutory notice procedure or first obtaining a judgment of replevin.

37. Once the creditor believes that the customer is in default under the terms of the vehicle purchase contract, the creditor must provide the customer with a Notice of the customer's right to cure the default. Wis. Stat. § 425.104.

**425.104    Notice of customer's right to cure default.**

(1)    A merchant who believes that a customer is in default may give the customer written notice of the alleged default and, if applicable, of the customer's right to cure any such default (s. 425.105).

(2)    Any notice given under this section shall contain . . . a statement of the nature of the alleged default and a clear statement of the total payment, including an itemization of any delinquency charges, or other performance necessary to cure

5

the alleged default, [and] the exact date by which the amount must be paid or performance tendered . . . .

38. The WCA specifically prohibits a merchant from accelerating the balance of a consumer credit transaction or seeking to recover collateral until after the customer's right to cure the default has expired. Wis. Stat. § 425.105 states:

**425.105** **Cure of default.**

(1) A merchant may not accelerate the maturity of a consumer credit transaction, commence any action except as provided in s. 425.205(6) or demand or take possession of collateral or goods subject to a consumer lease other than by accepting a voluntary surrender thereof (s. 425.204), unless the merchant believes the customer to be in default (s. 425.103), and then only upon the expiration of 15 days after a notice is given pursuant to s. 425.104 if the customer has the right to cure under this section.

(2) Except as provided in subs. (3) and (3m), for 15 days after such notice is given, a customer may cure a default under a consumer credit transaction by tendering the amount of all unpaid installments due at the time of the tender, without acceleration, plus any unpaid delinquency or deferral charges, and by tendering performance necessary to cure any default other than nonpayment of amounts due. The act of curing a default restores to the customer the customer's rights under the agreement as though no default had occurred.

(3) A right to cure shall not exist if the following occurred twice during the preceding 12 months

(a) The customer was in default on the same transaction or open-end credit plan;

(b) The creditor gave the customer notice of the right to cure such previous default in accordance with s. 425.104; and

(c) The customer cured the previous default.

39. If a merchant intends to repossess collateral that serves as the security for a consumer credit transaction, the merchant must also either obtain a judgment of replevin, obtain a truly voluntary surrender of the collateral, be able to show that the collateral has been

6

Case 2:18-cv-00891-PP   Filed 06/12/18   Page 6 of 15   Document 1

abandoned, or provide the statutory Notice of Intent to Repossess Collateral described in Wis. Stat. § 425.206(1g):

> **425.206   Nonjudicial enforcement limited.**
>
> (1) Notwithstanding any other provision of law, no merchant may take possession of collateral or goods subject to a consumer lease in this state except when any of the following apply:
>
> > (a) The customer has surrendered the collateral or leased goods.
> >
> > (b) Judgment for the merchant has been entered in a proceeding for recovery of collateral or leased goods under s. 425.205, or for possession of the collateral or leased goods under s. 425.203 (2).
> >
> > (c) The merchant has taken possession of collateral or leased goods pursuant to s. 425.207 (2).
> >
> > (d) For motor vehicle collateral or goods subject to a motor vehicle consumer lease, the customer has not made a demand as specified in s. 425.205 (1g) (a) 3. and, no sooner than 15 days after the merchant gives the notice specified in s. 425.205 (1g) (a), the merchant has taken possession of the collateral or goods in accordance with sub. (2).
>
> . . .
>
> (3) A violation of this section is subject to s. 425.305.

40. At all times relevant to this action, Plaintiffs have refused, and continue to refuse, to voluntarily surrender the Kia Sorento.

41. The statute governing voluntary surrender of collateral, Wis. Stat. § 425.204(3), states that a surrender of collateral is not "voluntary" when it is pursuant to any demand, other than a specific statutory notice. See Wis. Stat. § 425.204.

42. CPS never filed a replevin action against Plaintiffs. A search of CCAP reflects that no replevin action was filed against either Plaintiff or both Plaintiffs in Milwaukee County.

43. Plaintiffs have resided at the same address in Milwaukee County at all times relevant to this action.

7

44. If CPS filed a replevin action against Plaintiff in any other Wisconsin county or in any other state, such judgment would be void pursuant to Wis. Stat. § 421.401(2)(b). *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 14, 596 N.W.2d 786, 792 (1999) ("The legislature's use of the words 'for lack of jurisdiction' makes clear that a default replevin judgment entered by a circuit court in the face of improper venue is invalid for purposes of Wis. Stat. § 425.206(1)(b) when entered.")

45. Further, there is no evidence that a replevin judgment was obtained in any other county prior to the repossession, as Plaintiff was never served with such action and no such judgment was docketed in Milwaukee County prior to the repossession. CCAP also does not indicate that any replevin action was ever brought against Plaintiffs or either Plaintiff in any Wisconsin county.

46. No reasonable person could believe that the Kia Sorento was "abandoned property" within the meaning of Wis. Stat. § 425.207(2). Plaintiffs were regularly using the vehicle, which was registered with the State of Wisconsin Department of Transportation and insured.

47. CPS did not provide Plaintiff with the statutorily required notice of right to take possession, required by Wis. Stat. § 425.205(1g), which reads:

> **(1g)**
>> (a) A merchant may not take possession of motor vehicle collateral or goods subject to a motor vehicle consumer lease under s. 425.206 (1) (d), unless the merchant gives, by mail, the customer a notice containing all of the following information:
>>
>>> 1. The name, address, and telephone number of the merchant, a brief identification of the consumer credit transaction, and a brief description of the collateral or goods.
>>>
>>> 2. A statement that, as a result of the customer's default on the consumer credit transaction, the merchant may have the right to

8

> take possession of the collateral or goods without further notice or court proceeding.
>
> 3. A statement that if the customer is not in default or objects to the merchant's right to take possession of the collateral or goods, the customer may, no later than 15 days after the merchant has given the notice, demand that the merchant proceed in court by notifying the merchant in writing.
>
> 4. A statement that if the merchant proceeds in court, the customer may be required to pay court costs and attorney fees.
>
> (b) The information required under par. (a) may be combined with any other notice, except that if the customer has a right to cure under s. 425.105, the information required under par. (a) shall be combined with the notice of right to cure under s. 425.104.
>
> (c) A merchant is presumed to have given notice under par. (a) if the merchant sent the notice by certified or registered mail. A merchant who fails to give notice under par. (a) by certified or registered mail is subject to the penalties specified in s. 425.302 (1), but such failure does not constitute a failure to comply with s. 425.206 (1) (d).

48. Plaintiffs were aware of the notice requirement described above prior to the repossession.

49. Plaintiffs were actively checking the mail every day for the notice or a notification from the post office that it was holding a certified or registered mail letter for Plaintiff. No notice ever arrived by regular or certified or registered mail.

50. Plaintiffs have been litigants in other matters and are aware of the need to save and preserve all documents that may be related to litigation or potential litigation. If a notice had arrived from Defendants, Plaintiffs would have preserved it and turned it over to their counsel. Plaintiffs did not dispose of any Notice of Right to Cure of Notice of Intent to Repossess Collateral because they never received any such notices.

51. When a creditor fails to provide the §425.205(1g) notice, fails to obtain a truly voluntary surrender, cannot reasonably believe that the collateral is abandoned and fails to obtain a valid replevin judgment, self-help repossession violates the WCA. Wis. Stat. § 425.206.

52. Illegal self-help repossessions of collateral subject to Consumer Credit Transactions in Wisconsin render the transaction void. Wis. Stat. § 425.206(3) ("A violation of this section is subject to s. 425.305.").

53. Wis. Stat. § 425.305 states:

> **425.305 Transactions which are void.**
>
> (1) In a transaction to which this section applies, the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount.
>
> (2) In addition, the customer shall be entitled to recover any sums paid to the merchant pursuant to the transaction.

54. Plaintiff is also entitled to recover his reasonable attorneys' fees and costs. Wis. Stat. § 425.308.

55. Moreover, Chapter 427 of the Wisconsin Statutes, part of the Wisconsin Consumer Act, regulates debt collectors and debt collection activities. The statute reads, in relevant part:

> **427.104 Prohibited Practices.**
>
> (1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, … where there is an agreement to defer payment, a debt collector may not
>
> …
>
> (j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist.

### COUNT I – FDCPA

10

56. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

57. Count I is brought against Defendant SRS.

58. SRS repossessed Plaintiffs' automobile in order to enforce the security interest CPS had in such automobile, when Wisconsin law prohibited SRS from repossessing Plaintiff's automobile.

59. At the time SRS repossessed the Kia Sorento, Defendants had not provided Plaintiffs with the mandatory notice of right to cure default or mandatory notice of intent to repossess collateral, as Wis. Stat. §§ 425.104 and 425.105 require.

60. Defendant SRS violated 15 U.S.C. § 1692f(6).

## COUNT II – WCA

61. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

62. Count II is brought against Defendant CPS.

63. CPS repossessed Plaintiffs' automobile in violation of the WCA.

64. CPS did not provide Plaintiffs with the statutorily required notice of right to cure default, required by Wis. Stat. §§ 425.104 and 425.105, before accelerating the loan balance and repossessing the automobile.

65. CPS did not obtain judgment of replevin, or even file a replevin action, prior to repossessing the Kia Sorento.

66. CPS did not provide Plaintiffs with the required Notice of Intent to Repossess Collateral prior to repossessing the Kia Sorento. Wis. Stat. § 425.205(1g).

67. Plaintiffs did not voluntarily surrender the Kia Sorento. At no time did Plaintiffs communicate a willingness to voluntarily surrender the Kia Sorento to either defendant or to any agent or employee of either defendant or to any other person.

68. Plaintiffs did not abandon the Kia Sorento.

69. CPS failed to send Plaintiff a Notice of Intent to Repossess Collateral applicable to the alleged default.

70. Because CPS failed to provide Plaintiff with the required Notice of Right to Cure the alleged default, CPS was barred from accelerating Plaintiffs' loan or "demand[ing] or tak[ing] possession of collateral or goods subject to a consumer lease" before such notice was provided.

71. Because CPS failed to provide Plaintiff with the required Notice of Intent to Repossess Collateral, CPS was barred from "self-help" repossessing the Plaintiffs' automobile.

72. Instead of providing Plaintiffs with a proper Notice of Right to Cure, and instead of either providing a Notice of Intent to Repossess Collateral or obtaining a replevin judgment, CPS engaged in self-help repossession of Plaintiffs' automobile in violation of the WCA, Wis. Stat. § 425.206.

73. Defendant CPS violated Wis. Stat. § 425.206.

74. The loan transaction is void. *Id.*; Wis. Stat. § 425.305.

75. CPS must return the Plaintiffs' automobile or, if the automobile has been sold, pay Plaintiffs the fair market value of the automobile. *Id*. CPS is also liable for the total amount of all payments Plaintiff made to CPS in connection with the motor vehicle loan. *Id*.

### COUNT III - WCA

76. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

77. Count III is brought against both Defendants.

78. By repossessing Plaintiffs' automobile without having obtained a judgment, provided a notice of right to cure, or otherwise affect a voluntary surrender of the vehicle, Defendants claimed a right with knowledge to know such right did not exist.

79. Defendants violated Wis. Stat. 427.104(1)(j).

## CLASS ALLEGATIONS

80. Plaintiffs bring this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who defaulted on a loan serviced by CPS, (c) where the amount financed was less than $25,000 and the loan was secured by a vehicle purchased for personal, family, or household purposes, and (d) who had their vehicles repossessed by CPS without being sent an notice of right to cure / take possession, (e) between June 12, 2016 and June 12, 2018, inclusive.

81. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

82. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA.

83. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

84. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

13

Case 2:18-cv-00891-PP   Filed 06/12/18   Page 13 of 15   Document 1

85. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

86. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages including but not limited to return of the Kia Sorento or the fair market value of the Kia Sorento if return is not possible, plus all sums paid to CPS pursuant to the loan transaction;

(b) statutory damages;

(c) punitive damages;

(d) injunctive relief, specifically, preventing the sale of the Kia Sorento and the immediate return of the Kia Sorento to Plaintiffs;

(e) attorneys' fees, litigation expenses and costs of suit; and

(f) such other or further relief as the Court deems proper.

Dated: June 12, 2018

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com

meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com